## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> Pinnacle Multi-Acquisitions Holdings LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-02669 <br><br> Honorable LaShonda A. Hunt |

### BLC PRIME LENDING FUND II, LLC'S
### APPLICATION TO SET HEARING ON EMERGENCY MOTION

BLC Prime Lending Fund II, LLC ("BLC"), by its attorneys, Scott & Kraus, LLC, hereby submits this application (the "Application") to set a hearing on its Emergency Motion to Prohibit Use of Cash Collateral, and in support thereof, states:

In support of this Application, BLC respectfully states as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409.

### RELIEF REQUESTED

4. BLC seeks entry of an order scheduling an emergency hearing on its Emergency Motion to Prohibit Use of Cash Collateral, and setting the hearing for Thursday, March 31, 2022, at 11:00 a.m. (central time). A copy of the proposed Emergency Motion without its exhibits is attached hereto as Exhibit A.

## BACKGROUND

5. On February 7, 2022, BLC filed a Verified Complaint against Pinnacle (the "Foreclosure Proceeding"), seeking, *inter alia*, to foreclose its Mortgage against the real property commonly known as 7456 S. South Shore Drive, Chicago Illinois 60649 (the "Chicago Property").

6. On March 3, 2022, the Circuit Court of Cook of Cook County appointed Eric Maletsky as Receiver for the Property, which appointment was to take effect upon entry of the Receiver's Bond. The Court continued the matter to March 9, 2022 for entry of the Receiver's Bond. In the interim, Pinnacle filed its Chapter 11 Petition in this proceeding.

7. It is BLC's understanding that Pinnacle is an Illinois limited liability company and that the Property is its only real property owned.

8. According to Pinnacle's Schedules, it only has $1,000 cash on hand. *See* Doc. No. 13. Pinnacle has also represented that it has a contract to sell the Property. *See* Doc. No. 13.

9. According to the Schedules filed, Pinnacle has failed to pay any of the utility services for the Property, including water, gas and electric service. *See* Doc. No. 13. Pinnacle has also failed to pay the real estate taxes for the Property. *See* Doc. No. 13. Pinnacle also did not pay its loan to BLC, hence the Foreclosure Proceeding. *See* Ex. A.

10. BLC is Pinnacle's only identified secured creditor. *See* Doc. No. 13. Indeed, BLC holds a first lien position against Pinnacle's only owned real estate, the Chicago Property. *See* Ex. A. BLC also holds a senior security interest in all rents and proceeds related to the Property. *See* Ex. A.

11. Pinnacle has not approached BLC to discuss if and how Pinnacle is to use any of BLC's collateral for any purposes, including the Property's rents, nor has Pinnacle represented how BLC is to be adequately protected.

12. Further, George Perkins, the individual who executed certain of Pinnacle's filings in this proceeding as Pinnacle's Independent Manager, is currently in the custody of the Cook County Sheriff awaiting a sentencing hearing that is scheduled for March 30, 2022 (which date was continued from March 23, 2022). *See* Lorraine Swanson, *Sentencing Delayed for Orland Man On Criminal Sex Assault Charge*, PATCH (Mar. 25, 2022), https://patch.com/illinois/orlandpark/sentencing-delayed-orland-man-criminal-sex-assault-charge.

13. BLC intends to seek entry of an order restricting Pinnacle's use of cash collateral on an emergency basis.

14. Pinnacle's use of cash collateral should be prohibited. Section 363(a) of the Bankruptcy Code states: "'[C]ash collateral' means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a). Section 101(51) of the Bankruptcy Code states: "The term 'security interest' means lien created by an agreement." 11 U.S.C. § 101(51).

15. Pinnacle is currently a debtor in possession. Section 363(c)(4) of the Bankruptcy Code states: "the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control." 11 U.S.C. § 363(c)(4). Section 363(c)(2) of the Bankruptcy Code states: "The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless-- (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." *See* 11 U.S.C. § 363(c)(2).

16. A debtor in possession has the burden of proving that it can adequately protect the secured creditor's interest in the cash collateral. Section 363(p) of the Bankruptcy Code states: "In any hearing under this section-- (1) the trustee has the burden of proof on the issue of adequate protection; and (2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p).

17. In this case, Pinnacle has not sought nor does it have the consent of BLC to use BLC's cash collateral, nor has it sought or received the Court's authorization to so use BLC's cash collateral.

18. Pinnacle has represented that it is using BLC's cash collateral to manage its business affairs. *See* Motion for Entry of an Order (I) Setting Bar Dates for Filing Proof of Claim, (II), Approving the Form and Manner for Filing Proofs of Claim, and (III) Granting Related Relief, Doc. No. 17, at ¶ 7. However, given the Property's unpaid expenses, that does not appear to be the case. Pinnacle is not providing BLC with adequate protection. Pinnacle has failed to pay utilities and taxing authorities. Pinnacle is not even identifying having leases for the Property or having collected rents or submitted a budget for maintaining the Property.

19. BLC makes this application on an emergency basis. The Circuit Court of Cook of Cook County appointed Eric Maletsky as Receiver for the Property. Pinnacle has not approached BLC to discuss if and how Pinnacle is to use any of BLC's collateral for any purposes, including the Property's rents, nor has Pinnacle represented how BLC is to be adequately protected. Further, the individual who executed certain of Pinnacle's filings in this proceeding as Pinnacle's Independent Manager is currently in the custody of the Cook County Sheriff awaiting a sentencing hearing. And, BLC has learned that Pinnacle failed to pay its insurance premium due by March 28, 2022.

20. The timing of the filing of this Bankruptcy proceeding on the eve of the entry of a Receiver's Bond in the foreclosure proceeding, Pinnacle's silence concerning BLC's cash collateral, and the status of Pinnacle's independent manager being in custody, and the failure to pay necessary insurance timely have caused BLC to bring this Application under Local Rule 9013-2.

## NOTICE

21. BLC will provide notice of its Emergency Motion to Prohibit Use of Cash Collateral as required by the Rules, including Local Rule 9013-2, including to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) the entities listed on the Consolidated List of Creditor Holding the Largest Unsecured Claims (if any); (c) all parties known by any BLC to hold or assert a lien on any asset of a Debtor (if any); and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. BLC submits that, in light of the nature of the relief requested, no other further notice need be given.

## **NO PRIOR REQUEST**

22. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, BLC respectfully requests entry of an order scheduling a hearing on its Emergency Motion to Prohibit Use of Cash Collateral for Thursday, March 31, 2022, at 11:00 a.m. (Central Time) and granting such other relief as is just and proper.

Eugene S. Kraus
Jason R. Sleezer
Scott & Kraus, LLC
150 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
ekraus@skcounsel.com
jsleezer@skcounsel.com
Telephone: (312) 327-1050
Fax: (312) 327-1051
Firm I.D. No. 39876

Respectfully submitted,

By: /s/ *Eugene S. Kraus*

One of the Attorneys for
BLC Prime Lending Fund II, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> Pinnacle Multi-Acquisitions Holdings LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-02669 <br><br> Honorable LaShonda A. Hunt |

## EMERGENCY MOTION TO PROHIBIT USE OF CASH COLLATERAL

BLC Prime Lending Fund II, LLC ("BLC"), by its attorneys, Scott & Kraus, LLC, respectfully moves this honorable Court to enter an Order prohibiting Pinnacle Multi-Acquisitions Holdings LLC's ("Pinnacle" or "Debtor") use of cash collateral, pursuant to Section 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and in support thereof, states:

**Jurisdiction & Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.
2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
3. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409.

**Procedural History**

4. On February 7, 2022, BLC filed a Verified Complaint against Pinnacle (the "Foreclosure Proceeding"), seeking, *inter alia*, to foreclose its Mortgage against the real property commonly known as 7456 S. South Shore Drive, Chicago Illinois 60649 (the "Chicago Property"). A copy of the Verified Complaint is attached hereto as Exhibit 1.

Exhibit A

5. On March 3, 2022, the Circuit Court of Cook of Cook County appointed Eric Maletsky as Receiver for the Property, which appointment was to take effect upon entry of the Receiver's Bond.  *See* Order, Exhibit 2.  The Court continued the matter to March 9, 2022 for entry of the Receiver's Bond.  *See* Ex. 2.  In the interim, Pinnacle filed its Chapter 11 Petition in this proceeding.

**General Facts**

6. It is BLC's understanding that Pinnacle is an Illinois limited liability company and that the Property is its only real property owned.

7. According to Pinnacle's Schedules, it only has $1,000 cash on hand.  *See* Doc. No. 13.  Pinnacle has also represented that it has a contract to sell the Property.  *See* Doc. No. 13.

8. According to the Schedules filed, Pinnacle has failed to pay any of the utility services for the Property, including water, gas and electric service.  *See* Doc. No. 13.  Pinnacle has also failed to pay the real estate taxes for the Property.  *See* Doc. No. 13.  Pinnacle also did not pay its loan to BLC, hence the Foreclosure Proceeding.  *See* Ex. 1.

9. BLC is Pinnacle's only identified secured creditor.  *See* Doc. No. 13.  Indeed, BLC holds a first lien position against Pinnacle's only owned real estate, the Chicago Property.  *See* Ex. 1.  BLC also holds a senior security interest in all rents and proceeds related to the Property.  *See* Ex. 1.

10. Pinnacle has not approached BLC to discuss if and how Pinnacle is to use any of BLC's collateral for any purposes, including the Property's rents, nor has Pinnacle represented how BLC is to be adequately protected.

11. Further, George Perkins, the individual who executed certain of Pinnacle's filings in this proceeding as Pinnacle's Independent Manager, is currently in the custody of the Cook

County Sheriff awaiting a sentencing hearing that is scheduled for March 30, 2022 (which date was continued from March 23, 2022). *See* Lorraine Swanson, *Sentencing Delayed for Orland Man On Criminal Sex Assault Charge*, PATCH (Mar. 25, 2022), https://patch.com/illinois/orlandpark/sentencing-delayed-orland-man-criminal-sex-assault-charge.

12. BLC seeks entry of an order restricting Pinnacle's use of cash collateral.

**ARGUMENT**

13. Pinnacle's use of cash collateral should be prohibited. Section 363(a) of the Bankruptcy Code states: "'[C]ash collateral' means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a). Section 101(51) of the Bankruptcy Code states: "The term 'security interest' means lien created by an agreement." 11 U.S.C. § 101(51).

14. Pinnacle is currently a debtor in possession. Section 363(c)(4) of the Bankruptcy Code states: "the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control." 11 U.S.C. § 363(c)(4). Section 363(c)(2) of the Bankruptcy Code states: "The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless-- (A) each entity that has an interest in such cash collateral consents; or (B) the

court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." *See* 11 U.S.C. § 363(c)(2).

15. A debtor in possession has the burden of proving that it can adequately protect the secured creditor's interest in the cash collateral. Section 363(p) of the Bankruptcy Code states: "In any hearing under this section-- (1) the trustee has the burden of proof on the issue of adequate protection; and (2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p).

16. In this case, Pinnacle has not sought nor does it have the consent of BLC to use BLC's cash collateral, nor has it sought or received the Court's authorization to so use BLC's cash collateral.

17. Pinnacle has represented that it is using BLC's cash collateral to manage its business affairs. *See* Motion for Entry of an Order (I) Setting Bar Dates for Filing Proof of Claim, (II), Approving the Form and Manner for Filing Proofs of Claim, and (III) Granting Related Relief, Doc. No. 17, at ¶ 7. However, given the Property's unpaid expenses, that does not appear to be the case. Pinnacle is not providing BLC with adequate protection. Pinnacle has failed to pay utilities and taxing authorities. Pinnacle is not even identifying having leases for the Property or having collected rents or submitted a budget for maintaining the Property. And, BLC has learned that Pinnacle failed to pay its insurance premium due by March 28, 2022.

18. BLC makes this application on an emergency basis. The Circuit Court of Cook of Cook County appointed Eric Maletsky as Receiver for the Property. Pinnacle has not approached BLC to discuss if and how Pinnacle is to use any of BLC's collateral for any purposes, including the Property's rents, nor has Pinnacle represented how BLC is to be adequately protected. Further, the individual who executed certain of Pinnacle's filings in this

proceeding as Pinnacle's Independent Manager is currently in the custody of the Cook County Sheriff awaiting a sentencing hearing. The timing of the filing of this Bankruptcy proceeding on the eve of the entry of a Receiver's Bond in the foreclosure proceeding, Pinnacle's silence concerning BLC's cash collateral, the status of Pinnacle's independent manager being in custody, and the failure to pay necessary insurance by March 28, 2022, have caused BLC to bring this Motion under Local Rule 9013-2.

WHEREFORE, BLC Prime Lending Fund II, LLC, pursuant to Section 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, respectfully requests that this Honorable Court enter an Order:

a. granting this Motion;

b. prohibiting the use of cash collateral; and

c. granting such other and further relief as this Honorable Court deems just and proper.

Eugene S. Kraus
Jason R. Sleezer
Scott & Kraus, LLC
150 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
ekraus@skcounsel.com
jsleezer@skcounsel.com
Telephone: (312) 327-1050
Fax: (312) 327-1051
Firm I.D. No. 39876

Respectfully submitted,

By: /s/ *Eugene S. Kraus*

One of the Attorneys for
BLC Prime Lending Fund II, LLC