**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

Pinnacle Multi-Acquisitions Holdings LLC,

Debtor.

Chapter 11

Case No. 22-02669

Honorable LaShonda A. Hunt

**EMERGENCY MOTION OF BLC PRIME LENDING FUND II, LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY &**
**TO EXCUSE COMPLIANCE WITH SECTION 543**

BLC Prime Lending Fund II, LLC ("BLC" or "Movant"), by its attorneys, Scott & Kraus, LLC, pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), and Rules 4001, 6007(b), 9006 and 9014 of the Federal Rules of the Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully submits this Motion for Relief from the Automatic Stay as to Pinnacle Multi-Acquisitions Holdings LLC's ("Debtor") property and, out of an abundance of caution, as to 2300-16 S. Central, LLC ("Central"), and Motion to Excuse Compliance with Section 543, and in support thereof, states:.

**JURISDICTION**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Court is the appropriate venue pursuant to 28 U.S.C. §§ 1408.  This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).  The statutory and rule-based predicates for the relief sought herein are Sections 362(D) and 543 of the Bankruptcy Code (11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***")) and Rules 4001(a)(1)-(a)(3), 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

2.      BLC asks that the Court reduce the time for providing notice of and hearing on this

Emergency Motion, consistent with the discussion had in open Court during the March 31, 2022

hearing and in accordance with Rule 9006(c).

## BACKGROUND

3.      On February 7, 2022, BLC filed a Verified Complaint against Pinnacle (the "State

Court Proceeding"), seeking, *inter alia*, to foreclose its Mortgage against the real property

commonly known as 7456 S. South Shore Drive, Chicago Illinois 60649 (the "Chicago Property")

and against the real property commonly known as 2300 S. Central Ave. Cicero, Illinois (the

"Cicero Property") *See* Verified Complaint attached as Exhibit 1 at Doc. No. 22.

4.      Debtor owns the Chicago Property and has listed the Chicago Property in its

Schedule A/B.  *See* Doc. No. 13.

5.      The Circuit Court of Cook County, Illinois granted BLC's request to appoint Eric

Maletsky Receiver for both the Chicago Property and the Cicero Property on March 3, 2022, and

continued the matter to March 9, 2022 for entry of the Receiver's Bond, which would give effect

to the appointment.  *See* Order attached as Exhibit 2 at Doc. No. 22.

6.      In the interim, and before March 9, 2022 hearing, Debtor filed its Chapter 11

Petition.

7.      On March 31, 2022, BLC presented its Emergency Motion to Restrict Use of Cash

Collateral (Doc. No. 22), which was granted.  *See* Doc. No. 24.  During the hearing, Debtor

represented, among other things, that it has no objection to the appointment of the Receiver as

proposed herein.

8.      In order to give effect to the Circuit Court of Cook County's appointment of Eric

Maletsky as its Receiver in the Foreclosure Proceeding, BLC hereby seeks to modify the automatic

stay as to Pinnacle and the Chicago Property (and Pinnacle's pledged assets, if any, for which Eric

Maletksy was also appointed Receiver).  This will allow the Circuit Court of Cook County to approve and enter the Receiver's Bond, which Bond it did receive for entry before being advised of this pending Bankruptcy proceeding.

9.      According to the Debtor's Schedule A/B, the Chicago Property is purportedly valued at $5,000,000.00.  BLC's Mortgage lien exceeds this valuation.  Debtor, therefore, has no equity in the Chicago Property.  Additionally, BLC does not have adequate protection concerning its loan and the Chicago Property.  Debtor has scheduled unpaid real estate taxes, water bills, gas and electric bills.  *See* Schedule E/F, Doc. No. 13.  Debtor has not paid its loan to BLC.  Debtor failed to pay insurance due that was due for the Chicago Property on March 28, 2022.  Doc. No. 22.

10.      Further, and out of an abundance of caution, BLC seeks relief from the automatic stay so as to proceed with state court proceedings in the Circuit Court of Cook County with respect to Central and the Cicero Property (and Central's pledged assets, if any, for which Eric Maletksy was also appointed Receiver).

11.      However, Debtor listed Central as a "d/b/a" on its Chapter 11 Petition (*see* Doc. No. 1), and has listed the Cicero Property in its Schedule B.  *See* Doc. No. 13.

12.      Debtor does not own the Cicero Property; rather, Central owns the Cicero Property. *See* Exhibit 1.

13.      The Meeting of Creditors pursuant to Section 341(a) of the Bankruptcy Code is scheduled to be held on April 14, 2022.  *See* Doc. No. 7.

14.      Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>> a. the debtor does not have an equity in such property; and
>> b. such property is not necessary to an effective reorganization.

16.      Here, the Debtor does not own the Cicero Property – Central does. *See* <u>Exhibit 1</u>. Debtor has no equity in the Cicero Property.  Neither Central nor the Cicero Property are necessary for an effective reorganization of Debtor.

17.      Therefore, pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay should be lifted so that Movant may proceed to prosecute its claims against Central in the State Court Proceeding.

18.      Moreover, this Court has the authority to order that Rule 4001(a)(3) not apply to any Order granting this Motion, and Movant requests that this Court so order.

19.      Additionally, BLC requests that Eric Maletsky, Receiver, be excused from compliance with the requirements of Section 543 of the Bankruptcy Code.

20.      Section 543(a) of the Bankruptcy Code provides that custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody or control of such custodian, except such action as is necessary to preserve such property.

21.      Section 543(b) of the Bankruptcy Code requires, subject to the discretion of the court, that a "custodian" deliver to the trustee or debtor in possession all property of the debtor, or proceeds, products, offspring, rents, or profits of such property, which is in the custodian's possession, and to provide an accounting of the same upon learning of the debtor has filed for bankruptcy protection. 11 U.S.C. § 543(b).  A receiver appointed in a mortgage foreclosure

proceeding is a "custodian" subject to the requirements of section 543(b). *See* 11 U.S.C. § 101(11).

22.     However, the requirements under section 543(b) are not absolute.  Section 543(d) of the Bankruptcy Code provides that a court may excuse compliance with section 543(b) if the interests of creditors would be better served by permitting the custodian to remain in possession, custody or control of such property.  *See* 11 U.S.C. § 543(d); s*ee also In re Falconridge, LLC*, 2007 WL 3332769, at *7 (Bankr. N.D. Ill. Nov. 8, 2007).   Moreover, evidence of the mismanagement of the debtor's property may negate the statutory obligation of a custodian to turn over assets to the debtor.  *See In re Foundry of Barrington P'ship*, 129 B.R. 550, 558 (Bankr. N. D. Ill. 1991); *see also Falconridge, LLC*, 2007 WL 3332769, at *6.

23.     There is no talismanic test to determine whether and when a custodian should be excused from its obligations under Section 543(b) of the Bankruptcy Code.  "Of necessity, this must be on a case by case analysis and no generic rule can be proclaimed." *Falconridge,* 2007 WL 3332769, at *7.  Courts have weighed a number of factors based on the specific facts of each case when analyzing this issue. *Id.*

24.     "These factors have evolved to include, in varying degrees: (1) [t]he likelihood of a reorganization; (2) [t]he probability that funds required for reorganization will be available; (3) [w]hether there are instances of mismanagement by the debtor; (4) [w]hether turnover would be injurious to creditors; (5) [w]hether the debtor will use the turned over property for the benefit of its creditors; (6) [w]hether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (7) [t]he fact that the bankruptcy automatic stay has deactivated the state court receivership action." *Id.* citing *Dill v. Dime Sav. Bank*, 163 B.R. 221, 226 (E.D.N.Y.1994); *In re Lizeric Realty,* 188 B.R. 499, 506-507 (Bankr. S.D.N.Y. 1995); *In re Northgate Terrace Apartments, Ltd.*, 117 B.R. 328, 332 (Bankr. S.D. Ohio)*; In re Poplar Springs Apartments,* 103

B.R. 146, 150 (Bankr. S.D. Ohio 1989); *In re WPAS, Inc.*, 6 B.R. 40, 43-44 (Bankr. M. D. Fla. 1980). The interests of the debtor are not to be considered in the court's decision. *Id.*

25.     BLC respectfully submits that the interests of the creditors of this estate, as well as any tenants, would be better served by permitting the custodian to remain in possession, custody or control of the Chicago Property (as well as the Cicero Property, in as much as it a part of this proceeding, which it should not be).

26.     The Debtor's Schedules evidence clear mismanagement. The Debtor schedule having $2,000 on hand (Schedule A/B, Doc. No. 13), even though the filing of its Chapter 11 Petition stalled the approval of Eric Maletsky's Receiver's Bond and his collection of rents. The Debtor has scheduled its failure to pay real estate taxes – which, according to the Cook County Treasurer, have not been paid (due and owing from and after the 2019 tax year). *See* Schedule E/F, Doc. No. 13. The Debtor has scheduled its failure to pay the City of Chicago for water service, ComEd and People's Gas – and People's Gas has already filed a Proof of Claim. *See* Claims Registry Claim No. 1-1. As the Court learned during the March 31, 2022 hearing, nothing has been done at the Property with respect to collections, bill payments, etc. since March 8, 2022 – during which time Debtor's identified manager was at times in the custody of the Cook County Sheriff.

27.     There is little likelihood (a) that the Debtor will be able to reorganize if the Debtor is tendered possession of the Property, or (b) that there will even be monies available to fund a reorganization. Debtor has scheduled extensive accounts receivable ($80,000 outstanding for less than 90 days of which $72,000 are listed as doubtful or uncollectible; $282,000 outstanding for over 90 days with 100% listed as doubtful or uncollectible), and states it lacks of almost any expectation to collect on the same. No leases are scheduled. Debtor represented to the Court that tenants might not even be paying rent. Based on the filings, it does not appear Debtor will have

funds required for reorganization – not that reorganization for a single real-estate owned debtor is even a viable possibility.

28.     Turnover to Debtor would continue to be injurious to creditors, as BLC secured collateral will risk continued mismanagement, waste and diminishment.   Eric Maletsky's receivership will be at the request of Debtor's sole secure creditor, which the Circuit Court of Cook County has already found to be proper.  Indeed, the timing of the filing of the Chapter 11 Petition precluded, rather than deactivated Eric Maletsky's receivership, but with the lifting of the stay and the entry of the Receiver's Bond, Eric Maletsky will take possession of the collateral, and he should not thereafter have to relinquish it to Debtor.

29.     The factors traditionally considered by courts in weighing whether to waive compliance with section 543 of the Bankruptcy Code clearly demonstrate that the interests of the Debtor's creditors would be better served by permitting Eric Maletsky to remain in possession of the collateral and all rents and proceeds therefrom.  On the other hand, it is very likely based on the Debtor's prior conduct that putting the Debtor in possession of the collateral and its cash and accounts will result in mismanagement of the Debtor's estate, misuse of funds, and further harm to the Debtor's creditors.

30.     A proposed order is included herewith as Exhibit 2.  The Required Statement to Accompany Motions for Relief from Stay was submitted with the Emergency Motion.

### NO PRIOR REQUEST

31.     No previous motion for the relief sought herein has been made in this or any other court.

### NOTICE

32.     BLC will provide notice of its this Emergency Motion as required by the Rules, including Local Rule 9013-2, including to: (a) the Office of the United States Trustee for the

Northern District of Illinois; (b) the entities listed on the Consolidated List of Creditor Holding the Largest Unsecured Claims (if any); (c) all parties known by any BLC to hold or assert a lien on any asset of a Debtor (if any); and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  BLC submits that, in light of the nature of the relief requested, no other further notice need be given.

WHEREFORE, Movant, BLC Prime Lending Fund II, LLC, prays that this Honorable Court enter an Order:

A.   allowing for and reducing the time for providing notice of and hearing on this Emergency Motion;

B.   granting this Motion;

C.   modifying the automatic stay to allow the State Court to approve and or enter the Receiver's Bond so as to allow for the effectuation of the Receivership for the Chicago Property and Cicero Property and related Collateral in the State Court Proceeding;

D.   modifying the automatic stay to permit BLC Prime Lending Fund II, LLC to prosecute its claims against Central in the State Court Proceeding;

E.   finding that Bankruptcy Rule 4001(a)(3) shall not apply;

F.   excusing Eric Maletsky's compliance with Section 543; and

G.   granting Movant any and all further relief this Court deems just and proper.

Respectfully submitted,

By: /s/ *Eugene S. Kraus*
    One of the Attorneys for
    BLC Prime Lending Fund II, LLC

Eugene S. Kraus
Jason R. Sleezer
Scott & Kraus, LLC
150 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
ekraus@skcounsel.com
jsleezer@skcounsel.com
Telephone: (312) 327-1050
Fax: (312) 327-1051
Firm I.D. No. 39876

*This Document Prepared By*
Tina M. Jacobs, Esq.
Joy Pinta, Esq.
Jacobs & Pinta
77 West Washington Street, Suite 1005
Chicago, Illinois 60602



Doc#:  1213112028 Fee: $42.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 05/10/2012 08:49 AM  Pg: 1 of 3

*When Recorded Mail To:*
Bernard F. Crotty, Esq.
Pittacora & Crotty, LLC
223 West Jackson Blvd., Suite 412
Chicago, Illinois 60606

## QUIT CLAIM DEED

THE GRANTOR, FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Integra Bank National Bank, whose address is 625 Plainfield Road, Suite 424, Willowbrook, Illinois 60527, party of the first part, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, QUIT CLAIMS AND CONVEYS to 2300-16 S. CENTRAL, LLC, whose address is 16800 Oak Park Avenue, Tinley Park, Illinois 60477, party of the second part, all interest in the following described real estate situated in the County of Cook, in the State of Illinois, to wit:

LEGAL DESCRIPTION:
Parcel 1:
Units 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 in La Estacion Central Condominium as delineated on a survey of the following described real estate:

Lots 1, 2, 3, and 46 in Block 5 in the 22nd Street Boulevard Subdivision of the Northeast ¼ of the Northeast ¼ of Section 29, Township 39 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois which survey is attached as Exhibit A to the Declaration of Condominium recorded as Document 0828245115, together with its undivided percentage interest in the common elements.

Parcel 2:
Lots 4, 5, 6, 7, 8, 9, 11 and the East 8 feet of Lot 12 in Block 5 in the 22nd Street Boulevard Subdivision of the Northeast ¼ of the Northeast ¼ of Section 29, Township 39 North, Range 13 East of the Third Principal Meridian, in Cook County, Illinois.

COMMON ADDRESSES:    2300-2312 S. Central Avenue, Cicero, Illinois
5612 W. 23rd Place, Cicero, Illinois
5613 W. 23rd Street, Cicero, Illinois
2314-2316 S. Central Avenue, Cicero, Illinois

G \Integra Bank (fna Prairie Bank)\Eftimoff\La Estacion Central\Sale of 2300-2308 S. Central\Sale to Mack Investments\Quit Claim Deed.doc

**Box 400-CTCC**

Exhibit 1

PINS:                           16-29-213-016-0000
                                16-29-213-030-0000
                                16-29-213-031-0000
                                16-29-213-032-0000
                                16-29-213-033-0000
                                16-29-213-034-0000
                                16-29-213-035-0000
                                16-29-213-036-0000
                                16-29-213-037-0000

      Party of the first part, for itself, and its successors, makes no warranties, representations or covenants whatsoever concerning the above referenced property described herein or its condition, it being expressly understood that the property is being sold **"AS IS" and "WHERE IS" with no warranties, either expressed or implied, including, but not limited to, warranties of fitness for a particular purpose.**

      Party of the second part agrees to take title subject to the following exceptions to title referenced in the Title Commitment issued by Chicago Title Insurance Company with Effective Date February 16, 2012: (i) exception BB (2011 2nd installment real estate taxes and general real estate taxes not yet due and owing at the time of closing; (ii) exception D limited to two existing tenancies; (iii) exception AB (Condominium Declaration); (iv) exception AC (paid assessment letter); (v) exception AK (collection of reserves); (vi) exception AM (developer right to add property to condominium); (vii) exception AO (defects in the Condominium Declaration); (viii) exception AU (various certifications and documents required of Buyer entity); (ix) exception BC (Memorandum of Contract with 2300-16 S. Central, LLC); (x) building lines and building laws and ordinances; (xi) use or occupancy restrictions; (xii) conditions, covenants, conditions and easements of record; (xiii) zoning laws and ordinances; (xiv) public and utility easements which serve the Property; (xv) public roads and highways, if any; (xvi) acts done or suffered by Buyer; (xvii) party wall right and agreements, if any; (xviii) all special governmental taxes or assessments, confirmed and unconfirmed; (xix) limitations and conditions imposed by the Illinois Condominium Property Act; and (xx) exception AY (fence encroachment).

      DATED this 26th day of March, 2012.

                         **FEDERAL DEPOSIT INSURANCE
                         CORPORATION, as Receiver for Integra
                         Bank, National Association, Willowbrook,
                         Illinois**

                         By: _____
                         Name: Denny Villines
                         Title: Attorney in Fact

STATE OF INDIANA          )
                          ) SS
COUNTY OF Vanderburgh     )


I, the undersigned, a Notary Public in and for said County, in the state aforesaid, DO
HEREBY CERTIFY that Denny Villines, Attorney in Fact of the FEDERAL DEPOSIT
INSURANCE CORPORATION, as Receiver for Integra Bank National Association, personally
appeared before me this day in person and acknowledged to me that he signed and delivered the
foregoing instrument as his own free and voluntary act and as the free and voluntary act of said entity,
for the uses and purposes therein set forth.

GIVEN under my hand and Notarial seal this 28 day of March, 2012.



_Kathleen Puder_
NOTARY PUBLIC

My Commission Expires:

4-22-2015

STATE OF ILLINOIS

STATE TAX

MAY.-1.12

REAL ESTATE TRANSFER TAX
DEPARTMENT OF REVENUE

# 0000001907

REAL ESTATE
TRANSFER TAX

0121500

FP 103024

COOK COUNTY
REAL ESTATE TRANSACTION TAX

COUNTY TAX

MAY.-1.12

REVENUE STAMP

# 0000001922

REAL ESTATE
TRANSFER TAX

0060750

FP 103022

...Station Central\Sale of 2300-2308 S. Central\Sale to Mack Investments\Quit Claim Deed.doc

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

Pinnacle Multi-Acquisitions Holdings LLC,

Debtor.

Chapter 11

Case No. 22-02669

Honorable LaShonda A. Hunt

**ORDER**

This matter coming to be heard on BLC Prime Lending Fund II, LLC's ("BLC")
Emergency Motion for Relief from the Automatic Stay and to Excuse Compliance with Section
543 (the "Emergency Motion"), due notice having been given and the Court having been advised
in the premises, WHEREFORE, IT IS HEREBY ORDERED:

A.   the Court allows for and reduces the time for providing notice of and hearing on
this Emergency Motion;
B.   the Emergency Motion is granted;
C.   the automatic stay is modified to allow the State Court to approve and or enter the
Receiver's Bond so as to allow for the effectuation of the Receivership for the
Chicago Property and Cicero Property and related Collateral in the State Court
Proceeding;
D.   the automatic stay is modified to permit BLC Prime Lending Fund II, LLC to
prosecute its claims against Central in the State Court Proceeding;
E.   the Court finds Rule 4001(a)(3) shall not apply;
F.   Eric Maletsky's compliance with Rule 543 is excused and he need not turn over
property and or assets related to Debtor.

Date:                                         Entered by: _____

Exhibit 2

{01170833.DOCX/v1/3816/001/3/31/2022 04:52 PM}