# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| PINNACLE MULTI-ACQUISITIONS | ) | |
| HOLDINGS LLC, | ) | CASE NO. 22-02669 |
| | ) | |
| DEBTOR. | ) | HON. LASHONDA A. HUNT |

## NOTICE OF MOTION

TO: See Attached List:

    PLEASE TAKE NOTICE that on **Thursday, June 16, 2022**, at **11:00 AM**, I will appear electronically before the Honorable LaShonda A. Hunt or any judge sitting in her place and present the United States Trustee's **MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

    **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and passcode**. The meeting ID for this hearing is **161 165 5696** and the **passcode** is **7490911**. Additional information can be found on Judge Hunt's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-lashonda-hunt.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

    /s/ *Kimberly Bacher*
    Kimberly Bacher, Attorney
    OFFICE OF THE U.S. TRUSTEE
    219 S. Dearborn, Room 873
    Chicago, Illinois 60604
    (603) 333-2782

## CERTIFICATE OF SERVICE

I, Kimberly Bacher, Trial Attorney, certify that on May 25, 2022, I caused to be served copies of this **NOTICE OF MOTION and MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and for all other entities listed on the service list, *via* First Class US Mail by BMC Group. A supplement to this Certificate of Service from BMC Group will be filed.

/s/ *Kimberly Bacher*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants**

J Kevin Benjamin     attorneys@benjaminlaw.com,
Jaime Dowell     jaime.dowell@cityofchicago.org
David Paul Holtkamp     david.holtkamp2@cityofchicago.org
Eugene S. Kraus     ekraus@skcounsel.com
Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
Jason R. Sleezer     jsleezer@skcounsel.com

**Parties Served via First Class Mail:**

22-02669|Pinnacle Multi-Acquisitions Holdings LLC |9501 W 144th Pl Ste 304|Attn Gregory Perkins, Manager|Orland Park, IL 60462-2564 |||
22-02669|2300-16 S. Central LLC |Bennett Klasky, Registered Agent|555 Skokie Blvd Ste 500|Northbrook, IL 60062-2845| ||
22-02669|Affordable Homes for Rent |Raeka Aiyash, Registered Agent|5251 W Madison St|Chicago, IL 60644-4142| ||
22-02669|At Properties |Brandon Bollig|2356 N Elston Ct|Chicago, IL 60614-7110| ||
22-02669|BCL Family of Companies |Business Loan Capital, Inc.|15375 Barranca Pkwy Ste B202|Irvine, CA 92618-2213| ||
22-02669|BLC PRIME LENDING FUND II, LLC |15375 Barranca Pkwy Ste 202|Irvine, CA 92618-2213| |||
22-02669|Bryan Cave Leighton Paisner LLP |Atty's for DLP Capital Partners|161 N Clark St Ste 4300|Chicago, IL 60601-3315| ||
22-02669|Chicago Real Estate Resources, Inc |800 W Diversey Ave Suite 60614-1412| ||||
22-02669|Chicago Title Land Trust Company |Attn: Land Trust Dept|10 S La Salle St Ste 2750|Chicago, IL 60603-1108| ||
22-02669|CHICAGO DEPARTMENT OF LAW|ATTN BANKRUPTCY UNIT|121 N LASALLE ST SUITE 400|CHICAGO IL 60602-1264|||preferred
22-02669|City of Chicago Dept of Water |333 S State St Ste 410|Chicago, IL 60604-3983| |||
22-02669|ComEd |Bill Payment Center|Chicago, IL 60668-0001| |||
22-02669|Commonwealth Edison Company |1919 SWIFT DRIVE|Bankruptcy Department|OAKBROOK, IL 60523-1502| ||
22-02669|Cook County Treasurer |118 N Clark St Ste 112|Chicago, IL 60602-1590| |||
22-02669|DLP Capital Partners |95 Highland Ave|Bethlehem, PA 18017-9424| |||

22-02669|Department of the Treasury |Internal Revenue Service|P.O. Box 7346|Philadelphia PA 19101-7346| ||
22-02669|Grasso Law PC |38 Blaine St|Hinsdale, IL 60521-4260| |||
22-02669|ILLINOIS DEPARTMENT OF REVENUE|BANKRUPTCY UNIT|PO BOX 19035|SPRINGFIELD IL 62794-9035|||preferred
22-02669|Internal Revenue Service |Mail Stop 5014CHI|230 South Dearborn Street Room 2600|Chicago, IL 60604-1705| ||
22-02669|Nari Ventures |Attn: Yana Chechelnitsky, Esq.,|61-43 186th St Suite 450|Fresh Meadows, NY 11365-2710| ||
22-02669|Oval Property Holdings LLC |Attn Jacob Tauber|11 N Airmont Rd Ste 12|Suffern, NY 10901-5103| ||
22-02669|PEOPLES GAS LIGHT & COKE COMPANY|200 EAST RANDOLPH ST|CHICAGO IL 60601-6433||||preferred
22-02669|Pinnacle Asset Management LLC |Makiah Terry, Registered Agent|14420 2nd Ave|Orland Park, IL 60462-2402| ||
22-02669|Shayla Butler |20173 Ash Ln|Lynwood, IL 60411-1599| |||
22-02669|Tiffany Perkins |14420 2nd Avenue|Orland Park, IL 60462-2402| |||
22-02669|Timothy Hajec |9219 S Millard Ave|Evergreen Pk, IL 60805-1407| |||
22-02669|Town of Cicero |Violations Department|4949 W Cermak Rd|Cicero, IL 60804-2461| ||
22-02669|Wafeek Aiyash |5251 W. Madison St 60644-4142| ||||
22-02669|Yana Chechelnitsky |61-43 186th Street, Suite 450|Fresh Meadows, NY 11365-2710| |||

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| PINNACLE MULTI-ACQUISITIONS | ) | |
| HOLDINGS LLC, | ) | CASE NO. 22-02669 |
| | ) | |
| DEBTOR. | ) | HON. LASHONDA A. HUNT |

**MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**

Now comes Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Kimberly Bacher, and hereby moves this Court to enter an order converting or dismissing the above-captioned Chapter 11 case, whichever is in the best interest of creditors. In support of his motion, the U.S. Trustee states to the Court as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this motion pursuant to 11 U.S.C § 157(b)(2)(A) and Internal Operating Procedure 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this request pursuant to the authority granted to him under 11 U.S.C. § 1112(b)(1).

**BACKGROUND**

3. On March 8, 2022, Pinnacle Multi-Acquisitions Holdings LLC (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor filed its Schedules and Statement of Financial Affairs on March 22, 2022 (the "**Schedules**"). ECF No. 13.

1

5. Other than real property known as 7456 S. South Shore Drive, Chicago, IL and 2300-16 S. Central Ave., Central, IL (collectively, the "**Properties**"), the Debtor has minimal other assets as reflected in the Schedules below:

| | | |
|---|---|---:|
| 80. | Cash, cash equivalents, and financial assets. *Copy line 5, Part 1.* | $2,000.00 |
| 81. | Deposits and prepayments. *Copy line 9, Part 2.* | $0.00 |
| 82. | Accounts receivable. *Copy line 12, Part 3.* | $8,000.00 |
| 83. | Investments. *Copy line 17, Part 4.* | $0.00 |
| 84. | Inventory. *Copy line 23, Part 5.* | $8,000.00 |
| 85. | Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 |
| 86. | Office furniture, fixtures, and equipment; collectibles. *Copy line 43, Part 7.* | $0.00 |
| 87. | Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 |
| 88. | Real property. *Copy line 56, Part 9.* | |
| 89. | Intangibles and intellectual property. *Copy line 66, Part 10.* | $0.00 |
| 90. | All other assets. *Copy line 78, Part 11.* | + $0.00 |

6. On April 1, 2022, this Court entered an order (the "**Order Modifying Stay**") modifying the automatic stay with respect to the Properties at the request of the Debtor's secured lender BLC Prime Lending Fund II, LLC ("**BLC**").

7. The Order Modifying Stay also allowed the proposed state court receiver Eric Maletsky to take control of the Properties.

8. On April 28, 2022, BLC filed a Motion for Entry of an Order Authorizing and Allowing Protective Advances (the "**Motion to Allow Protective Advances**"). ECF No. 41.

9. The Motion to Allow Protective Advances provided, *inter alia*, that:

   a. The Debtor was delinquent in its payment of real estate taxes;

   b. The Debtor had insufficient funds to insure the Properties; and

    c. The Properties suffered from significant deferred maintenance, some requiring immediate attention (including a boiler that was spewing water and a malfunctioning alarm system). *Id.*

10. The Motion for Protective Advances further stated, "These efforts taken to triage the Properties and to preserve BLC's collateral position total more than $140,000.00 – and this is just in the past two weeks." ECF No. 41 at p. 2.

**<u>Monthly Operating Reports</u>**

11. As a Chapter 11 debtor acting as a debtor-in-possession, the Debtor is required to file monthly operating reports, and those reports are due by the 21st day of the month following the month to which the report pertains.[1] The Debtor was informed of this requirement by the U.S. Trustee at the outset of the case through a letter sent to its counsel on March 9, 2022, and also through the Operating Instructions and Reporting Requirements. On April 14, 2022, the Debtor filed an affidavit stating, among other things, that the Debtor's representative read the instructions, understood them, and would comply with them.

12. The Debtor filed the monthly operating report for the period of March 2022 on May 4, 2022 (the "**March Report**"). The March Report was due on April 21, 2022.

13. Based on the March Report, the Debtor had $0 in cash receipts and cash on hand of $8,088. ECF No. 44 at p. 2.

14. The Debtor is currently delinquent in the filing of the monthly operating report for April 2022 (the "**April Report**") which was due on May 21, 2022.

---

[1] An exception is the first month, if the bankruptcy case was pending for fewer than 15 days of that month. In that instance, the report for the first month is included with the report for the second calendar month in which the case is pending.

# LEGAL ARGUMENT

### A. Cause for Conversion Exists Under 11 U.S.C. § 1112(b)(4)(A) Because There Has Been a Substantial or Continuing Loss to or Diminution of the Estate in the <u>Absence of a Reasonable Likelihood of Rehabilitation.</u>

15. In determining whether cause exists under 11 U.S.C. § 1112(b)(4)(A) to dismiss or convert a case, bankruptcy courts engage in a two-pronged inquiry:

> (1) whether after the commencement of the case, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset value; and (2) whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time.

*Andover Covered Bridge, LLC*, 553 B.R. 162, 164 (B.A.P. 1st Cir. 2016) (citation omitted).

16. Regarding the first prong, the Debtor does not have the ability to pay its ongoing operating expenses. The Debtor has virtually no cash flow and does not anticipate any future financing that would fund this case. The Debtor is no longer in control of the Properties, and was unable to maintain them. Further, as BLC has a security interest in all of the Debtor's rental income and has not authorized the Debtor to use any of the proceeds, the Debtor has no cash flow. Instead, the Debtor is only incurring expenses, including administrative expenses of professionals, on a daily basis without an ability to pay its debt.

17. Regarding the second prong, the Debtor does not have a reasonable likelihood of rehabilitation. The automatic stay has been modified to allow BLC to foreclose on the Properties in state court. The Debtor has minimal other assets to contribute to a Chapter 11 plan, and does not have a source of funding. The Debtor continues to accumulate post-petition debt without an ability to pay or to fund a plan of reorganization. Based on the foregoing, this case should be dismissed or converted to one under Chapter 7 of the Bankruptcy Code.

### B. Cause for Dismissal or Conversion Exists Under 11 U.S.C. § 1112(b)(4)(F) Because the Debtor Failed to File Monthly Operating Reports.

18. Section 1112(b)(1) of the Bankruptcy Code provides, in relevant part:

[O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

19. Subsection (b) of § 1112 enumerates examples of events or conduct that constitute cause, and includes:

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]

11 U.S.C. § 1112(b)(4).

20. It is well established that a debtor's failure to timely submit monthly operating reports is "cause" to convert or dismiss a case. *See In re Rey*, 2006 WL 2457435, 2006 Bankr. LEXIS 1803 (Bankr. N.D. Ill. Aug. 21, 2006) (Goldgar, J.). Monthly Operating Reports are not busy work but "the life blood of chapter 11…enabling creditors to keep tabs on the debtor's post-petition operations." *Id*. at *22. A debtor's failure to file monthly operating reports – and file them timely – is "a serious breach of the debtor's fiduciary obligations and 'undermines the Chapter 11 process.'" *Id*. (quoting *In re All Denominational New Church*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001)). "A debtor-in-possession has a fiduciary obligation to its creditors to file the reports on time, and '[n]either the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed on it.'" *Id*. at *23 (quoting *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991)).

21.     Here, the Debtor failed to timely file the March Report.  Additionally, the Debtor failed to file the April Report.  Accordingly, grounds exist to dismiss or convert the case based on the Debtor's failure to timely file its monthly operating reports.

**WHEREFORE,** the U.S. Trustee respectfully asks this Court for an order converting this case to Chapter 7, or, alternatively, dismissing this Chapter 11 case, and for such other relief as is just.

                                        RESPECTFULLY SUBMITTED:

                                        RESPECTFULLY SUBMITTED:
                                        PATRICK S. LAYNG
                                        UNITED STATES TRUSTEE

Dated:  May 25, 2022                           By:/s/ *Kimberly Bacher*
                                        Kimberly Bacher, Attorney
                                        OFFICE OF THE U.S. TRUSTEE
                                        219 S. Dearborn, Room 873
                                        Chicago, Illinois 60604
                                        (603) 333-2782